IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELI THACH, | : | |
|    *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 19-5050 |
| | : | |
| STATE FARM FIRE & CASUALTY COMPANY, | : | |
|    *Defendant.* | : | |

## MEMORANDUM

**JONES, II   J.**                                                                                       **July 9, 2020**

### I.   BACKGROUND

Eli Thach ("Plaintiff") initiated this matter against State Farm Fire & Casualty Company ("Defendant") on September 30, 2019 by filing a Complaint in the Philadelphia County Court of Common Pleas. Defendant was served with the Complaint on October 7, 2019, and removed the case to this Court on October 28, 2019. (Notice of Removal ¶ 3, ECF No. 1.) Presently before the Court are two motions. Defendant has moved for dismissal of Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and Plaintiff has filed a motion requesting that this matter be remanded to state court. (ECF Nos. 4, 5.) Each party has filed a response in opposition to the other's motion. (ECF Nos. 6, 7.)

The pertinent facts as alleged in Plaintiff's Complaint are as follows:  Defendant issued Plaintiff an insurance policy covering Plaintiff's property located at 105 Ivy Lane, Zieglerville, PA 19492 (the "Property"). (Compl. ¶ 3.) On or about January 27, 2019, "Plaintiff suffered direct physical loss and damage to the insured Property believed to be the result of a peril insured against" under the insurance policy. (Compl. ¶ 4.) Plaintiff notified Defendant of the loss, but

Defendant "has refused . . . to pay Plaintiff monies owed for the damages suffered as a result of the [l]oss." (Compl. ¶¶ 5–6.) Accordingly, Plaintiff alleges that Defendant breached the parties' insurance contract and acted in bad faith in violation of 42 Pa.C.S.A. § 8371.

## II. PLAINTIFF'S MOTION TO REMAND

### A. Standard of Review

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "'The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction.'" *Hutchinson v. State Farm Fire & Cas. Co.*, No. 18-cv-2588, 2019 WL 357974, at *2 (E.D. Pa. Jan. 28, 2019) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). Accordingly, "'[a] district court's determination as to the amount in controversy must be based on the plaintiff's complaint at the time the petition for removal was filed.'" *Hutchinson*, 2019 WL 357974, at *2 (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002)). "If the district court determines that it lacks subject matter jurisdiction, remand is mandatory." *Hatchigian v. AAA Mid-Atl. Member Relations*, No. 19-4740, 2020 WL 2745742, at *2 (E.D. Pa. May 27, 2020) (citing 28 U.S.C. § 1447(c)).

**B. Discussion**

Plaintiff seeks remand of this matter to the Philadelphia County Court of Common Pleas on the grounds that this Court lacks subject matter jurisdiction to hear the dispute. Specifically, Plaintiff argues that "Defendant cannot clearly demonstrate that the amount of controversy [sic] exceeds $75,000.00, as required by 28 U.S.C. § 1332(a)." Mot. Remand ¶ 6. Accordingly, only the amount in controversy is at issue for purposes of Plaintiff's Motion.

Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act in 2011. Pub.L. 112–63, 125 Stat. 758 (Dec. 7, 2011). "There Congress clarified the procedure and standard for determining if the amount in controversy requirement has been met when an action is removed from the state court." *Karlberg v. Santander Bank, N.A.*, No. 17-3561, 2017 WL 4810800, at *3 (E.D. Pa. Oct. 25, 2017). The statute provides, in pertinent part, as follows:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c).

In *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014), the Supreme Court discussed the operation of the statute: "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." But if "the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart*, 574 U.S. at 88 (alterations in original); *see also Evans v. Zhang*, No. 17-3801, 2017 WL 4547912, at *1 (E.D. Pa. Oct. 12, 2017) ("Because Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated, *see* Pa. R. Civ. P. 1021(b), the removing defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.") (citing 28 U.S.C. § 1446(c)(2); *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). "Preponderance of the evidence means proof to a reasonable probability that jurisdiction exists." *Hatchigian*, 2020 WL 2745742, at *4 (internal quotation marks omitted). "While [d]efendants are not obligated to research, state, and prove [plaintiffs'] claims for damages, they must present facts sufficient to establish that [a plaintiff] would more likely than not recover more than the jurisdictional amount." *Id.*

"'When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.'" *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 476 (E.D. Pa. 2013) (quoting *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)). "'Moreover, in calculating the amount in controversy, we must consider potential attorney's fees.'" *Id.* (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)).

Here, Plaintiff's Complaint alleges two causes of action: (1) breach of contract and (2) statutory bad faith under 42 Pa.C.S.A. § 8371. (Compl. ¶¶ 8–16.) As Defendant points out in its Response to Plaintiff's Motion, Plaintiff attached as an exhibit to his Complaint estimates setting forth the cost to repair the alleged damage to his property "that total $65,201.94." Def.'s Br. at 5 (ECF No. 7-2); *see also* ECF No. 5 at 27–31. In addition, Plaintiff seeks punitive damages and attorneys' fees in connection with his statutory bad faith claim. (Compl. ¶ 16.) *See also Minissale*, 988 F. Supp. 2d at 476 ("It is undisputed that punitive damages and attorneys' fees are available under 42 Pa. Cons. Stat. Ann. § 8371 and there is no cap on the amount that can be recovered."); *Neri v. State Farm Fire & Cas. Co.*, No. 19-0355, 2019 WL 3821538, at *3 (E.D. Pa. Aug. 13, 2019) ("Indeed, it is common in cases involving a claim of bad faith under 42 Pa. Cons. Stat. Ann. § 8371 for courts to include in calculations of the amount in controversy any potential punitive damages and attorney's fees available under the statute."). Defendant argues that if Plaintiff were to prevail on those claims, the available damages would certainly exceed the jurisdictional threshold. *See* Def.'s Br. at 9 ("Considering compensatory damages in excess of $65,000, and the availability of punitive damages for the claimed bad faith, . . . even a very low 1-1 ratio of punitive damages to compensatory damages would result in an award in excess of $130,000."); ("Attorney's fees must also be included in determining the amount in controversy. . . . It would not be unreasonable to expect that over the course of an approximate nine-month litigation of this nature, counsel could incur costs and fees in an amount approaching $35,000.").

Plaintiff argues that "a [m]otion to [r]emand must be granted where a [p]laintiff properly limits the amount of damages in the *ad damnum* clauses to below the $75,000 jurisdictional threshold, and the [d]efendant fails to show to a legal certainty that the amount in controversy

exceeds $75,000.00." Mot. Remand ¶ 8. But in each of the cases Plaintiff cites in support—and unlike here—the complaint identified the amount in controversy as under $50,000 specifically to establish that the case qualified for the state court's compulsory arbitration program. *See Lewis-Hatton v. Wal-Mart Stores East, LP*, No. 13-7619, 2014 WL 502367, at *1 (E.D. Pa. Feb. 7, 2014) ("Plaintiff filed the action in the court's arbitration program, checked the box indicating that the amount in controversy was $50,000 or less, and demanded damages in an amount not in excess of fifty thousand dollars ($50,000), together with costs according to the law.") (internal quotation marks omitted); *Hodges v. Walgreens*, No. 12-1162, 2012 WL 1439080, at *1 (E.D. Pa. Apr. 26, 2012) ("The Complaint included an *ad damnum* clause requesting judgment in an amount not in excess of $50,000."); *Coates v. Nationwide Ins. Co.*, No. 12-4031, 2012 WL 4068437, at *1 (E.D. Pa. Sept. 14, 2012) ("Plaintiff's Complaint filed in the Court of Common Pleas contained a cover sheet on which Plaintiff checked a box indicating that the amount in controversy was '$50,000 or less.' The case was designated for compulsory arbitration where the total amount of damages recoverable is capped at $50,000."). That distinction is of critical importance because, as the court explained in *Hodges*, "*ad damnum* clauses are generally not permitted for unliquidated claims under Pennsylvania law," but "there is an exception for complaints filed in counties, such as Philadelphia County, that provide for compulsory arbitration for claims expressly limiting damages to under $50,000." 2012 WL 1439080, at *3. Plaintiff's Complaint in this case specifically indicated that the amount in controversy was *more than* $50,000, and therefore that the case was not subject to compulsory arbitration. *See* Compl. Civil Cover Sheet (ECF No. 5 at 11). Accordingly, the restriction on *ad damnum* clauses applied to Plaintiff's Complaint, and Plaintiff's attempt to artificially cap the amount in controversy "as

less than $75,000.00" through an *ad damnum* clause is inconsistent with Pennsylvania's pleading rules.  *See* Pa. R. Civ. P. 1021(b); Compl. ¶ 7.

Moreover, in the cases cited by Plaintiff, the parties seeking to invoke federal jurisdiction failed to provide any factual basis establishing the amount in controversy.  *See Hodges*, 2012 WL 1439080, at *4 ("Defendants have offered no support for their position that [the plaintiff's] injuries exceed $75,000"); *Lewis-Hatton*, 2014 WL 502367, at *4 ("[t]here is no colorable dispute regarding any underlying jurisdictional facts because neither Plaintiff nor Defendant has provided any specific information regarding the damages allegedly incurred").  Here—by contrast, and as stated above—Plaintiff himself provided specific information estimating that his alleged damages "total $65,201.94."  Def.'s Br. at 5; *see also* ECF No. 5 at 27–31.  "Courts have found that the amount in controversy exceeds the $75,000 threshold where a plaintiff is able to recover a specified amount of damages, plus punitive damages and attorney's fees under" 42 Pa.C.S.A. § 8371.  *Hutchinson*, 2019 WL 357974, at *2.

In *Hutchinson*, the court reviewed and relied on several such cases in conducting its analysis, and those examples are instructive here:

> [A] plaintiff stated a claim for more than $75,000 by alleging $53,315 in actual damages under the breach of contract claim and a bad faith claim seeking damages "in excess of $50,000 together with interest and costs." *Minissale*, 988 F. Supp. 2d at 477.  By way of further example, the amount in controversy exceeded $75,000 where the plaintiff alleged "$28,682.41 in individual compensatory damages in the form of unpaid insurance benefits" and sought "individual punitive damages under Pennsylvania's bad faith insurance statute." *Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 753 (W.D. Pa. 2015).  Plaintiffs' case is analogous to these cases because Plaintiffs pled a certain amount of actual damages pursuant to a breach of contract claim (*i.e.*, $24,711.11) and punitive damages under Pennsylvania's Bad Faith Insurance Statute.

2019 WL 357974, at *2.  The likelihood that the amount in controversy surpasses $75,000 in this case is even stronger than in the cases discussed above, as Plaintiff's claimed compensatory

7

damages here amount to more than $65,000—before punitive damages and attorneys' fees are taken into account. And as Defendant correctly notes, even a punitive-to-compensatory damages ratio of 1-to-1 would place the amount in controversy well over the statutory threshold. When taking the foregoing into account, in addition to Plaintiff's ability to also potentially recover attorneys' fees, Defendant has clearly shown, by a preponderance of the evidence, that the amount in controversy requirement for purposes of diversity jurisdiction is satisfied in this case. *See also Neri*, 2019 WL 3821538, at *3 ("Thus, the Court concludes that considering the damages sought in the Complaint as well as the uncapped punitive damages and attorney's fees sought under the Pennsylvania Bad Faith Statute, the amount in controversy in this case is at least $75,000 and the Court may properly exercise diversity jurisdiction."). Accordingly, Plaintiff's Motion to Remand this matter to the Philadelphia County Court of Common Pleas is denied.

### III.   DEFENDANT'S MOTION TO DISMISS

Defendant has filed a Motion seeking dismissal of Plaintiff's claim under Pennsylvania's Bad Faith Insurance Statute (Count II of Plaintiff's Complaint). Defendant argues that Plaintiff's Complaint fails to state a claim for statutory bad faith, as "Count II fails to set forth a single fact to support its claim of bad faith but instead relies on boilerplate allegations which are generic to any claim of bad faith." Mot. Dismiss ¶ 11. This Court agrees. The allegations in Plaintiff's Complaint purporting to state a claim for bad faith are in fact identical to the allegations from a prior complaint filed by Plaintiff's counsel in another case, which this Court found to be insufficient to state a claim in a Memorandum Opinion dated March 19, 2020. *See Clapps v. State Farm Ins. Cos.*, No. 19-3745, 2020 WL 1308230, at *3–5 (E.D. Pa. Mar. 19, 2020) ("In short, Count II of Plaintiff's Complaint contains nothing more than 'bare-bones conclusory

allegations that do not provide a factual basis for an award of bad faith damages.'") (quoting *Mozzo v. Progressive Ins. Co.*, No. 14-5752, 2015 WL 56740, at *2 (E.D. Pa. Jan. 5, 2015)) (alteration omitted).  Plaintiff's Response in Opposition to Defendant's Motion here provides no further argument or analysis calling into question the Court's ruling in that case.  Accordingly, Defendant's Motion is granted, and Count II of Plaintiff's Complaint is dismissed for the same reasons set forth in *Clapps*, 2020 WL 1308230, at *3–5.  However, as in *Clapps*, Plaintiff is granted leave to file an amended complaint to replead the statutory bad faith claim.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand this matter to the Philadelphia County Court of Common Pleas is denied, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint is granted, and Plaintiff is granted leave to amend the claim set forth in Count II.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.